In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00238-CR
_____

THE STATE OF TEXAS, Appellant

V.

ABRIE GOODEN, Appellee

On Appeal from the County Court
San Jacinto County, Texas
Trial Cause No. 2017-148

## MEMORANDUM OPINION

The State of Texas appeals from a final judgment rendered after Abrie Gooden pleaded guilty to a charge of driving while intoxicated. The judgment reflects that the court suspended Gooden's six month jail sentence and then placed Gooden on community supervision for a period of six months. In two issues, the State argues that the trial court "improperly altered the judgment after all parties had signed" it, and that the trial court "improperly waived fees owed to the Probation Department." *See generally* Tex. Code Crim. Proc. Ann. art. 44.01(a)(2) (West Supp. 2016)

1

(allowing the State to appeal an order in a criminal case if the order arrests or modifies a judgment); *id.* art. 44.01(b) (West Supp. 2016) (allowing the State to appeal a sentence in a criminal case based on the ground that the sentence is illegal). In response to the State's brief, Gooden filed a brief that argues the trial court was authorized to modify any of the conditions it placed on him when it placed him on community supervision. *See generally id.* art. 42A.051(b) (West Supp. 2016) (authorizing a judge that has jurisdiction over the case to modify the conditions of community supervision at any time during the period of community supervision).

The change in the judgment that forms the basis of the State's complaint on appeal concerns whether the trial court could unilaterally reduce a $50 monthly probation fee to zero after allegedly having agreed to a judgment that included the $50 fee. Generally, the conditions imposed by a court on a defendant in a community supervision order are not considered to be part of the defendant's sentence. *See Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). The State argues that under the plea bargain agreement the trial court approved, Gooden agreed to pay the $50 fee. In response, Gooden argues that his plea agreement does not expressly state that he agreed to pay the $50 fee.

The record that is before us does not contain a copy of the written plea agreement that Gooden made with the State, and no reporter's record was made of

the hearing on Gooden's plea. The certification the trial court signed, which concerns Gooden's right to appeal, states that the case "is a plea bargain case, and the Defendant has NO right of appeal[.]" Consequently, from the face of the record before us in the appeal, we cannot determine whether the judgment the trial court signed is consistent or inconsistent with the terms of the plea agreement that the State has relied upon in its brief.

In the absence of a reporter's record, we are generally required to presume that the judgment the trial court rendered is consistent with the evidence that resulted in the judgment from which the party appeals. *See Breazeale v. State*, 683 S.W.2d 446, 450-51 (Tex. Crim. App. 1985) (op. on reh'g). While in the briefing the State filed with its appeal, the State submitted affidavits from two people who were present in court when the judgment was signed, the affidavits are not part of the record that we may consider in deciding the State's appeal.

Under the Rules of Appellate Procedure, matters not shown in the record may be supported by affidavit in support of a motion. *See* Tex. R. App. P. 10.2. However, to complain about a matter in an appeal when the matter does not otherwise appear in the record, a party is required to file a formal bill of exception. *See* Tex. R. App. P. 33.2. And, "the appealing party carries the burden to ensure that the record on appeal is sufficient to resolve the issues presented." *London v. State*, 490 S.W.3d

3

503, 508 (Tex. Crim. App. 2016). "The failure to provide a sufficient appellate record precludes appellate review of a claim." *Id.*

In Gooden's case, the record does not show that the State presented the affidavits describing what it claims occurred in the trial court through a motion filed in the trial court. *See* Tex. R. App. P. 33.2(c). The State also made no offer of proof when the case was before the trial court. *See generally* Tex. R. Evid. 103(a)(2). The affidavits are not properly part of the record that we may consider in deciding the State's appeal. *See Yarbrough v. State*, 57 S.W.3d 611, 615-16 (Tex. App.— Texarkana 2001, pet. ref'd). Because we must presume the judgment that is in the record is consistent with the evidence and the agreements made by the parties, we overrule issue one.

Additionally, because no reporter's record was filed in the appeal, the State has not met its burden to show that the trial court did not have the statutory authority to waive the $50 probation fee. Article 42A of the Texas Code of Criminal Procedure requires that a judge who grants community supervision set a monthly probation fee "of not less than $25 and not more than $60[.]" *See* Tex. Code Crim. Proc. Ann. art. 42A.652(a) (West Supp. 2016). However, the fee may be waived if the judge determines that paying the fee would cause the defendant a significant financial hardship. *Id.* art. 42A.652(b) (West Supp. 2016).

4

While the State argues that the trial court did not find Gooden to be indigent, and that the court may not waive the fee unless paying it would cause the defendant a significant financial hardship, article 42A.652(b) does not expressly require the trial court to make written findings to waive the fee. *See id.* In the absence of a reporter's record, we presume the evidence presented in the hearing on Gooden's plea supports the trial court's judgment. *Mackintosh v. State*, 845 S.W.2d 361, 364 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). We overrule issue two.

Having overruled the State's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 22, 2017
Opinion Delivered December 6, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.