IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2026 Session

## ANDREA JAYE MOSBY v. ERIC LEE MEACHEM

Appeal from the Circuit Court for Shelby County
No. CT-003613-18          Gina Higgins, Judge

_____

## No. W2024-01938-COA-R3-CV

_____

Appellant and Appellee agreed on a permanent parenting plan that provided for equal parenting time of their minor child after their divorce. Appellee later sought to relocate with the child to pursue an employment opportunity in Georgia. One hundred four days after Appellee filed a relocation petition, Appellant filed an answer opposing the relocation. The trial court permitted the relocation and struck Appellant's opposition because it was filed after the expiration of the thirty-day period set forth in Tennessee Code Annotated section 36-6-108. The court amended the parties' parenting accordingly. On appeal, Appellant argues the trial court erred in striking his response as untimely. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and CARMA D. MCGEE, JJ., joined.

Margaret A. Reid and Abigail D. Hall, Memphis, Tennessee, for the appellant, Eric Lee Meachem.

Robert L. J. Spence, Jr., Memphis, Tennessee, for the appellee, Andrea Jaye Mosby.

## OPINION

### I.    Facts and Procedural History

Eric Lee Meachem ("Father") and Andrea Jaye Mosby ("Mother") divorced on August 10, 2020. They share one minor child who was born of the marriage in 2013. The parties entered into an "Agreed Order" on August 10, 2020, which incorporated a

Permanent Parenting Plan granting each parent equal time with the child. On September 7, 2023, Mother notified Father via the "Our Family Wizard" platform of her intent to relocate to Atlanta, Georgia, for an employment opportunity. Mother followed up with a certified letter of her intention to relocate, which was delivered to Father on September 11, 2023. On September 25, 2023, Father's counsel objected to the relocation via email to Mother's counsel.

In response, Mother filed with the trial court a *Petition to Relocate with Minor Child* on October 12, 2023 (the "Petition"). In her Petition, Mother asserted that, after her termination as human resources director at a Memphis law firm, she was unsuccessful in finding comparable local employment. Eventually, Mother found and accepted a position as labor and employment counsel at a company in Atlanta, Georgia. More than three months later, Father filed an *Opposition to Relocation and Answer to Mother's Petition to Relocate with Minor Child and/or Motion in Limine* on January 25, 2024 – 104 days after Mother filed her Petition (the "Answer"). Father argued that Mother's Petition should be denied because she failed to provide any proof of employment in Atlanta and she did not even have a license to practice law in Georgia. Father further claimed that the move would not be in the child's best interest because the relocation would cause the child undue emotional stress.

The following day, Mother filed a *Motion to Strike Father's Opposition to Relocation and Answer to Mother's Petition to Relocate with Minor Child and/or Motion in Limine*. Therein, Mother contended that Father's Answer was untimely pursuant to Tennessee Code Annotated section 36-6-108(b), which required any opposition by Father to be filed within 30 days of Mother's Petition to relocate (i.e., on or before November 12, 2023). The matter was set to be heard on January 30, 2024. On January 12, 2024, Father substituted counsel.[1] During the January 30 hearing, Father, through his new counsel, asserted that the email response on September 25, 2023, served as Father's timely opposition to the relocation. However, Father's new counsel failed to offer any explanation as to why Father failed to timely file his Answer in opposition to the relocation with the court.

On February 6, 2024, the trial court entered an *Order Permitting Child's Relocation and Granting Motion to Strike Father's Opposition to Relocation and Answer to Mother's Petition to Relocate with Minor Child and/or Motion in Limine*. The court found that Father was required to file his Answer in opposition to the relocation with the court within 30 days of Mother's Petition to relocate. The court further noted that Father "offered no good cause for failing to timely respond to the Petition filed on October 12, 2023." Thus, the court permitted Mother to relocate to Atlanta pursuant to Tennessee Code Annotated section 36-6-108(b), striking all evidence related to Father's opposition to Mother's Petition. The

---

[1] April Bostick substituted for Father's original counsel, J. O'Neal Perryman.

court then instructed the parties to agree on a new parenting plan in light of the ruling.

On February 13, 2024, Father filed a *Motion for Reconsideration*. Before this motion could be adjudicated, Father again retained new counsel.[2] Father, through his most recent counsel, amended the motion for reconsideration. The amended motion asserted that the neglect of Father's then-counsel caused Father to miss the filing deadline.[3] The court set the matter for a hearing for April 5, 2024. During the hearing, Father argued that the Tennessee General Assembly's 2018 amendment to section 36-6-108 was intended to make the filing period for opposition to relocation petitions directory rather than mandatory – thus allowing courts more discretion in applying the statute. Father further alleged that because the filing period is directory, the court could use its discretion to enlarge the filing period under Rule 6.02 of the Tennessee Rules of Civil Procedure.[4] The trial court did not agree, holding that the 30-day filing period was mandatory and Father did not have "good cause" for failing to timely file his Response. Thus, the trial court denied the *Motion to Reconsider*.

On December 13, 2024, the court entered a final order on the matter, which included a modified permanent parenting plan designating Mother as the child's primary residential parent and granting 265 days of parenting time to Mother and 100 days to Father. The court also awarded Mother $15,000 in attorney fees. Father timely appealed to this Court.

## II. Issue Presented

Appellant raises three issues on appeal:

(1) Whether the Circuit Court of Shelby County, Tennessee committed reversible error when it allowed the parties' minor child to relocate to Georgia as set forth in the *Order Permitting Child's Relocation and Granting Motion to Strike Father's Opposition to Relocation and Answer to Mother's Petition to Relocate with Minor Child and/or Motion in Limine* entered on February 6, 2024.

(2) Whether the Circuit Court of Shelby County, Tennessee committed reversible error when it entered the *Amended Permanent Parenting Plan*,

---

[2] Margaret A. Reid substituted for April Bostick on March 4, 2024.

[3] The amended motion requested that the court to set aside the order under Rule 59 or provide relief from judgement under Rule 60 of Tennessee Rules of Civil Procedure. Father asserted that his untimely opposition was for "good cause" because his then-attorney was dealing with a family medical emergency and could not fulfill his duties as Father's attorney.

[4] Father, through his counsel, argued that the inability of Father's then-attorney to perform his duties qualified as "excusable neglect" under Rule 6.02 of Tennessee Rules of Civil Procedure.

entered on December 13, 2024.

(3) Whether Appellant should be awarded attorney fees pursuant to this appeal.

In her brief, Appellee raises the following additional issue:

(4) Whether the Trial Court abused its discretion when it awarded Mother a partial amount of the attorney fees she incurred for litigating Father's repeated contemptuous conduct and the un-necessary litigation that followed Mother's Petition to Relocate.

## III.    Standard of Review

This is a matter of statutory interpretation and is thus a question of law. *In re Trigg*, 368 S.W.3d 483, 490 (Tenn. 2012). Accordingly, our review is *de novo* with no presumption of correctness afforded to the trial court's legal conclusions. *Id*. When interpreting statutes, we must "ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning." *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009). "When a statute is clear, we apply the plain meaning without complicating the task. Our obligation is simply to enforce the written language." *In re Est. of Tanner*, 295 S.W.3d 610, 613–14 (Tenn. 2009) (citations omitted).

## IV. Discussion

1.  Tennessee Code Annotated Section 36-6-108 and the 2018 Amendment

Tennessee Code Annotated section 36-6-108 (the "Parental Relocation Statute") was enacted in 1998 to "quell the confusion and settle the law" following the Tennessee Supreme Court's ruling in *Aaby v. Strange*, 924 S.W.2d 623 (Tenn. 1996). *Rutherford v. Rutherford*, 416 S.W.3d 845, 854-55 (Tenn. Ct. App. 2013) (Kirby, J. concurring). The intent was to provide consistency in relocation proceedings and limit judicial intervention into family affairs. *Id*.  The requirements and purposes of the Parental Relocation Statute have been discussed by this Court on several occasions over the years. *See, e.g., Helton v. Helton*, No. M2002–02792–COA–R3–CV, 2004 WL 63478, at *4 (Tenn. Ct. App. Jan. 13, 2004); *Lima v. Lima*, No. W2010–02027–COA–R3–CV, 2011 WL 3445961, at *3 (Tenn. Ct. App. Aug. 9, 2011); *Rutherford*, 416 S.W.3d at 848-49.

On appeal, Father asserts that the trial court erroneously applied this statute when striking his Answer to Mother's Petition as untimely. In particular, Father asserts that the Tennessee legislature amended the Parental Relocation Statute in 2018 in order to provide courts with additional discretion over relocation matters, thus rendering the meaning of the

word "shall" directory rather than mandatory. According to Father, this means that the trial court erred in dismissing his opposition to the relocation as untimely without first analyzing whether the move was in the child's best interest.

The changes to the Parental Relocation Statute by the legislature in 2018 have been explained as follows:

> The governing statute, Tenn. Code Ann. § 36-6-108, was amended effective July 1, 2018. Prior to this date, the relocation statute often required courts to conduct an analysis of whether the parents were spending "substantially equal intervals of time" with the child and whether the parent seeking relocation demonstrated a "reasonable purpose" for the proposed move. With the amended statute, the General Assembly has removed these concepts from the analysis.
>
> The current version of the statute requires a parent desiring to relocate outside the state or more than fifty miles from the other parent to notify the other parent not later than sixty days before the move. Tenn. Code Ann. § 36-6-108(a). After notice to the non-relocating parent is given,
>
>> Absent agreement by the parents on a new visitation schedule within thirty (30) days of the notice or upon a timely objection in response to the notice, the relocating parent shall file a petition seeking approval of the relocation. The non-relocating parent has thirty (30) days to file a response in opposition to the petition. In the event no response in opposition is filed within thirty (30) days, the parent proposing to relocate with the child shall be permitted to do so.
>
> *Id.* § 36-6-108(b). "If a petition in opposition to relocation is filed, the court shall determine whether relocation is in the best interest of the minor child." *Id.* § 36-6-108(c)(1). In determining whether relocation is in the child's best interest, the trial court is required to consider the . . . eight enumerated factors . . . .

*Dungey v. Dungey*, No. M2020-00277-COA-R3-CV, 2020 WL 5666906, at *2–3 (Tenn. Ct. App. Sept. 23, 2020).

In 2018, the legislature removed provisions from the statute that required a court to first consider the amount of time each parent spends with the child in its analysis of whether to grant relocation. *See Lima*, 2011 WL 3445961 at *3. The legislature did not, however, alter the condition precedent that triggers the trial court's duty to conduct such an analysis, which is the filing of a timely response opposing the relocation. *See* Tenn. Code Ann. §

36-6-108(b) (2018) ("In the event no response in opposition is filed within thirty (30) days, the parent proposing to relocate with the child **shall** be permitted to do so.") (Emphasis added). As this Court recently explained, "it is not the relocating parent's notice that spurs the trial court into action. Instead . . . it is the filing of the petition in opposition to relocation that triggers the action of the trial court." *Grace v. Grace*, No. M2023-01015-COA-R3-CV, 2025 WL 978302, at \*5 (Tenn. Ct. App. Mar. 31, 2025). If an opposing response is timely filed to the petition for relocation, then a court must decide whether to grant relocation using the factors in the Parental Relocation Statute. Tenn. Code Ann. § 36-6-108(c). Otherwise, if "timely opposition is not rendered, the factors set forth in the statute are not implicated". *Rutherford*, 416 S.W.3d at 853.

It is undisputed that Father filed his opposition with the court 104 days after Mother's petition, arguing that the move was not in the child's best interest. Because Father's opposition was not filed within thirty days, the court granted Mother's Petition without conducting a best-interest analysis. Father, therefore, invites this Court to view this as a novel issue and apply a results-driven approach that would relieve him of the statutory timeliness requirement. He argues that the word "shall" in the amended statute must be construed as directory rather than mandatory because the remedy for failure to file an opposing response within thirty days no longer aligns with the legislative intent of the statute. According to Father, the remedy of permitting relocation under the 2018 statute would allow a non-custodial parent to relocate with the child against the child's best interest. However, the "[l]egislature is presumed to know the state of the law on the subject under consideration at the time it enacts legislation." *Lavin v. Jordon*, 16 S.W.3d 362, 368 (citations omitted). Prior to the 2018 amendment, this Court rendered the thirty-day filing provision mandatory because of the use of the word "shall" and the remedy for failure to timely file an opposition petition. *Rutherford*, 416 S.W.3d at 853. After the 2018 amendment, the legislature left intact the language prescribing the time to file and the remedy for failure to file. There is no indication that the amendment shifts the provision from mandatory to directory or creates any ambiguity. "[T]he fact that the legislature has not expressed disapproval of a judicial construction of a statute is persuasive evidence of legislative adoption of the judicial construction, especially where the law is amended in other particulars . . . " *Hardy v. Tournament Players Club at Southwind, Inc.,* 513 S.W.3d 427, 444 (Tenn. 2017) (citation omitted). The presumption that "the General Assembly is aware of its own prior enactments and knows the state of the law when it enacts a subsequent statute" carries great weight here. *Grace*, 2025 WL 978302, at \*10 (citation omitted).

Because the language at issue is unambiguous, we must apply the ordinary, plain meaning of the text so long as that meaning aligns with the statute's general purpose. *Grace*, 2025 WL 978302, at \*4. The *Rutherford* court found the thirty-day filing period to be mandatory in the scheme of the Parental Relocation Statute. *Rutherford*, 416 S.W.3d at 853. Since that holding, there have been no changes to the statute that would allow us to find that the filing period is to be directory or that the provision is ambiguous. We discern

no error in the trial court's decision to strike Father's opposition to Mother's Petition as untimely.

Finally, Father asserts that Rule 6.02 of the Tennessee Rules of Civil Procedure should apply to extend the period for his opposition to Mother's Petition.[5] However, assuming *arguendo* that Rule 6.02 is applicable, the trial court found that there was no "good cause" for the missed deadline, so there was no "excusable neglect" that would allow the court to extend the deadline under Rule 6.02.

### 2. The Amended Parenting Plan

After approving Mother's relocation, the trial court amended the parties' Parenting Plan to account for the time the child would spend with Mother in Georgia. Father's argument on this issue stems from his contention that the trial court misinterpreted the word "shall" in the Parental Relocation Statute. Again, having determined that the trial court correctly applied the statute, this issue is without merit.

### 3. Father's Attorney's Fees on Appeal

Father requests that this Court award attorney's fees to him on appeal. However, Father's brief contains no meaningful argument in law or in fact as to why he is entitled to such an award. This request is denied.

### 4. Mother's Attorney's Fees

Mother argues that the court abused its discretion when it awarded her only $15,000 of her attorney fees which total $61,507. Mother relies on Tennessee Code Annotated section 36-5-103(c) to suggest she was entitled to the total amount because she was the prevailing party in several actions before the trial court, including the relocation matter.[6]

---

[5] Rule 6.02 provides, in relevant part, that:

When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect . . . .

[6] Section 36-5-103(c) provides:

A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the nonprevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision

She further alleges that she is owed the remaining fees because the trial court recognized Father's repeated violations of court orders. The application of section 36-5-103(c) lies within a trial court's discretionary authority, and we will only interfere if an abuse of discretion is found. *Nolan v. Nolan*, No. W2021-01018-COA-R3-CV, 2023 WL 4559883, at *25 (Tenn. Ct. App. July 17, 2023).

"We review for abuse of discretion both the decision to award attorney's fees under the statute and the amount of attorney's fees." *Nolan*, 2023 WL 4559883, at *25. This Court will "set aside a discretionary decision by a trial court 'only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.'" *Id.* (quoting *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008)).

Mother fails to allege any incorrect legal standards, illogical results, erroneous assessments of the evidence, or injustices that would warrant an abuse of discretion. Instead, Mother relies solely on the fact that she prevailed in several actions and that Father violated court orders on multiple occasions. Because the trial court's discretionary decision is within a range of acceptable alternatives for the prevailing party, we "will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative." *Royal Props., Inc. v. City of Knoxville*, 490 S.W.3d 1, 7 (Tenn. Ct. App. 2015). Therefore, we affirm the decision of the trial court to award Mother $15,000 towards her attorney fees.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. Appellant's request for appellate attorney's fees is denied. Costs of this appeal are taxed to Appellant, Eric Lee Meachem, for which execution may exist if necessary.

s/Valerie L. Smith
VALERIE L. SMITH, JUDGE

---

of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.