Clyde W. BREWER, and wife, Martha
Brewer, Appellees,

v.

Millard LAWSON, and wife, Marie
Lawson, Appellants.

Court of Appeals of Tennessee, Western
Section Sitting at Knoxville.

March 31, 1978.

Certiorari Denied by Supreme Court
Aug. 21, 1978.

John H. Dinwiddie, Cleveland, for appellants.

James F. Logan, Jr., Cleveland, for appellees.

NEARN, Judge.

The Brewers filed suit in the Chancery Court of Bradley County to quiet title and correct a deed description. The Chancellor found for plaintiffs and defendants appeal.

On January 28, 1950, plaintiffs Clyde W. Brewer and wife Martha Brewer purchased from Oscar Cartwright "33 acres, more or less" in Bradley County bounded on the north by the lands of John Lawson. In April of 1970 defendant Millard Lee Lawson purchased through the Chancery Court of Bradley County that portion of the John Lawson land that lay to the north of Brewer.

In December of 1971 Millard Lawson sold off timber rights on the land acquired in April 1970 to a timber company by timber deed. The timber deed used the description contained in the Chancery Decree to Millard Lawson. The timber company began to cut timber. Millard Lawson, Clyde Brewer,

and a representative of the timber company met on the spot after most of the cutting was completed. Both Brewer and Lawson agreed that the timber company was cutting timber on Brewer's land. It was then discovered the Chancery Decree description to Lawson was erroneous. The timber company continued cutting. Brewer asked for a deed from Lawson for that portion of Brewer's land contained in the Chancery Decree. Lawson refused. Lawson also refused to give to Brewer a pro rata share of the timber cutting proceeds. This suit is the result of those refusals.

The Lawsons charge the Chancellor with error in correcting the description and awarding the Brewers $1,000 as the value of their timber because (1) a trustee named in a trust deed securing a note executed by the Lawsons and placed upon the tract subsequent to their purchase was not named as a party; (2) the plaintiffs are barred by the doctrine of estoppel; (3) an award of $1,000 to plaintiff for cut timber would have the effect of voiding the Chancery proceeding; (4) the Chancellor incorrectly assessed the testimony and failed to permit the defendant to change his testimony after trial.

■ A trustee named in a trust deed is a proper party to a suit involving lands subject to the trust indenture. A proper party is not the same as a necessary or indispensable party. Only a party who will be directly affected by a decree and whose interest is not represented by any other party to the litigation is an indispensable or necessary party, that is, one without which no valid decree may be entered settling the rights between the parties that are before the Court. The failure to include the mortgagee or the trustee under a trust deed is not fatal to plaintiffs' action against the defendant. *Campbell v. Miller*, 562 S.W.2d 827 (Shriver, Court of Appeals Middle Section, filed August 26, 1977; certiorari denied, October 17, 1977).

The first Assignment of Error is overruled.

A few more facts need be brought out for an understanding of our treatment of the matter of estoppel.

Mrs. Brewer is a sister of Mr. Millard Lawson. Both Mrs. Brewer and Millard Lawson had inherited interest in the lands of John Lawson. Mrs. Brewer and her sister were the plaintiffs in the Chancery Court action to have the John Lawson land sold for partition. Millard Lawson was one of the defendants. We are able to glean from this record that the plaintiffs in the partition suit, Mrs. Brewer being one of them, engaged the services of a surveyor to have the lands of John Lawson surveyed in preparation for the sale. Mrs. Brewer met with the surveyor in the partition suit on the John Lawson land and described and pointed out to him where the lines were generally located. One line was described to the surveyor as going up over the hill and back to a fence. Mrs. Brewer and the surveyor did not at that time walk to the mentioned fence. The trouble is that there were two fences and the proof is absolutely overwhelming, if not actually admitted, that the surveyor, when he walked it alone making his survey, went to the wrong fence. The result was that the description and plat furnished the Chancery Court was in error in that it described 6.7 acres of the Brewers' land as that of John Lawson. When Millard Lawson bid the property in the sale, the Clerk and Master's deed contained the erroneous description. From these facts counsel for defendant argues that since Mrs. Brewer was a plaintiff in the partition suit and she, through her attorney, approved the partition description, she and her husband are estopped to deny the correctness of it.

■ The argument suffers from at least two fatal defects. The first is that Mr. Brewer was not a party to the partition suit and would not be bound by any estoppel in this case, even if the doctrine were applicable.

■ The application of the doctrine of estoppel requires on the part of claimant (a) lack of knowledge without fault of the true facts, (b) reliance upon the untrue facts,

and (c) action based on the untrue statement or misrepresentation. *McClure v. Wade* (1950 E.S.) 34 Tenn.App. 154, 235 S.W.2d 835; *Duke v. Hopper* (1972 Tenn. App., W.S.) 486 S.W.2d 744. From the proof in this case it can fairly be said that Millard Lawson had no knowledge that the description contained in the Chancery Court partition decree was erroneous. However, it can be just as fairly said that he made absolutely no reliance upon the description contained in that deed. Both Millard Lawson and Mrs. Brewer were well aware of the real boundary lines of the Lawson land as it contained the old Lawson homeplace which Millard desired to purchase. He knew the shape on the ground of the land he purchased and knew where its corners were located. In fact, from the record it appears that everyone now practically agrees about the physical location of defendants' land. The partition deed to defendants contains no statement regarding the amount of acreage conveyed and defendant testified that he did not rely upon the erroneous survey in purchasing his property. Therefore neither reliance nor action based thereon is present and as to the land conveyed there can be no application of the doctrine of estoppel. The second Assignment of Error is overruled.

We cannot help but observe that it appears to us that, to a large extent, the hard feelings now existing between the parties has come about because of misunderstandings. In defendant's testimony it is evident that whenever the word "error" was used his hackles raised, so to speak, and he immediately made it known that there was no error involved. The reading of his entire testimony indicates that he thought he was being accused of having made an error in the transaction and wanted everyone to know he made no error. He was quick to say he had nothing to do with the surveyor or the stakes and could see no fairness in his being brought into court when he had made no mistake or error.

We believe there is some merit to the third Assignment of Error regarding damages.

The proof is that Millard Lawson sold timber based on the erroneous description furnished him in the partition suit. He did not know at the time of execution of the timber deed that the description was incorrect and thought what he was conveying was what he thought he had purchased in the partition suit. He did not become aware that the timber deed was incorrect until he observed the timber company cutting timber on what he knew was the Brewers' land and was land which he had not intended to purchase in the partition suit nor land from which he intended to sell timber. When he sold the timber to the timber cutter he was under the impression that he was selling only his own timber for the agreed upon price. As it turns out, he sold other than his own through no fault of his own. To require the defendant to reimburse the plaintiffs for the full value of plaintiffs' timber will result in the defendant receiving less value for his own timber than that for which he agreed to sell. Defendant intended only to sell what was his for $1,500 and he knew where his timber lay. If he is to pay $1,000 to plaintiff he will only receive $500 for the same timber he intended to bargain for for $1,500. We find that this inequity did not come about because of any act of the defendant. This came about because of the error made by the surveyor hired by Mrs. Brewer and approved by Mrs. Brewer in the partition suit. As tenant by the entirety Mrs. Brewer would be entitled to $500 of the $1,000 judgment ordered by the Chancellor. The other $500 is the property of her husband. The money judgment is divisible even though the property is held by the entirety. *Robinson v. Trousdale County* (1974 Tenn.) 516 S.W.2d 626. Therefore, we believe equity is best served by reducing the judgment below to $500 and in favor of Mr. Brewer only.

Accordingly, the third Assignment of Error is in part sustained.

In reviewing the proof as required by T.C.A. § 27–303, we do not find that the proof preponderates against the Chancellor's finding of fact for it is what we have

also concluded and above recited. Neither do we find that the Chancellor abused his discretion in refusing to permit defendant to reopen the case and impeach his own testimony. The fourth Assignment of Error is overruled.

The result is that a decree shall be entered in this Court in conformity with this Opinion and remanded to the Trial Court for execution if necessary. Such judgment shall not bind the rights of any mortgagee or trustee for same not named as a Party hereto which rights were created subsequent to the partition sale and prior to the filing of this suit.

The cost of appeal is to be assessed equally between the parties and execution for same shall issue from this Court if necessary.

So ordered.

Honorable LLOYD TATUM, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Judge PAUL R. SUMMERS.

Done at Knoxville in the two hundred and second year of our Independence and in the one hundred and eighty-third year of our Statehood.

MATHERNE, J., and LLOYD TATUM, Special Judge, concur.